UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: ) Case No. 11-16121
)
TAMMY D. STEPP, ) Chapter 7
)
        Debtor. ) Chief Judge Pat E. Morgenstern-Clarren
)
) **MEMORANDUM OF OPINION**
) **AND ORDER**[1]

In the last few years, the debtor Tammy Stepp has had both a domestic relations case and a bankruptcy case. This court reopened the bankruptcy case to address funds forwarded to the chapter 7 trustee stemming from the divorce proceedings. The debtor filed an amended claim to exempt those funds from the bankruptcy estate and moves to require the trustee to turn over those funds to her. The trustee objects. (Docket 54, 59, 61, 64). For the reasons stated below, the trustee's objection is overruled and the debtor's motion for turnover is granted.

## I. JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

## II. FACTS

The parties submitted this matter on these stipulated facts:[2]

---

[1] This opinion is not intended for publication, either electronic or print.

[2] Docket 66, 68.

1.  The Debtor filed her [chapter 7] bankruptcy petition on July 14, 2011 ( the "Petition Date").

2.  Marvin A. Sicherman was appointed Trustee in the Debtor's bankruptcy case.

3.  The Debtor's case was closed on July 30, 2012.

4.  On November 14, 2012, a Judgment Entry of Divorce was entered in the Court of Common Pleas Domestic Relations Division Lorain County, Ohio, in Case No. 09DU071123 (the "Divorce Judgment"), granting the divorce of the Debtor and Steven Stepp.

5.  At the time of the Divorce Judgment, the parties were entitled to a federal income tax refund for 2010 in the amount of $6,246.00 and a federal income tax refund for 2011 in the amount of $4,915.00, for a total of $11,161.00.

6.  The tax refunds were divided as follows: $10.00 to the State of Ohio for a tax liability; to David Garland, accountant, the sum of $1,000.00; to James Taylor, Receiver, the sum of $2,980.00; to Steven Stepp the sum of $3,335.50; and to the debtor the sum of $3,835.50.

7.  The 2010 tax return showed zero tax withheld from Forms W-2 and 1099, and showed Earned Income Tax Credit in the amount of $5,666.00 and Additional Child Tax Credit in the amount of $2,000.00.

8.  The 2011 tax return showed zero tax withheld from Forms W-2 and 1099, and showed Earned Income Tax Credit in the amount of $5,119.00 and Additional Child Tax Credit in the amount of $1,258.00.

9.  The case was reopened January 30, 2013.

10. The Receiver remitted the sum of $3,835.00 to the Trustee, which the Trustee deposited into a bank account for the Debtor's bankruptcy estate.

11. The Debtor claims that the funds held by the Trustee are fully exempt. The Trustee claims that the funds are not exempt and are property of the Debtor's bankruptcy estate.

The court adds these undisputed facts from the Divorce Judgment attached as an exhibit to the stipulations. The judgment states, in relevant part,

> The parties owe $10.00 in Ohio State income tax for tax year 2010. The business owed nothing. The parties are entitled to a federal income tax refund for 2010 in the amount of $6,246.00 and a federal income tax refund for 2011 in the amount of $4,915.00, for a total $11,161.00. This is marital property.[3]
>
> * * * * *
>
> (b) Out of the proceeds of the parties' 2010 and 2011 federal income tax refunds, [the receiver shall pay certain designated amounts, with the balance of the funds disbursed to] . . . the parties equally, but subject to the prior court order allocating payment of the accountant's fees. Accordingly, $3,335.50 shall be paid to Husband and $3,835.50 shall be paid to Wife, with Wife's share subject to any claim by the bankruptcy Trustee.[4]

### III. ISSUE

Are the disputed funds:

(A) tax payments which the debtor may exempt under the Ohio exemption for earned income and child tax credit payments; or are they instead

(B) proceeds of a division of marital property that should be administered by the trustee for the benefit of creditors?

---

[3] Divorce Judgment ¶ W at 5, Exh. A to Stipulations at docket 68.

[4] *Id.* ¶ 10 at 16.

## IV. **DISCUSSION**

### A. The Positions of the Parties[5]

The trustee argues that the actions taken in the domestic relations court conclusively establish these funds as property of the estate that should be distributed to creditors. He relies on the Divorce Judgment statement that the refunds are "marital property," as well as on the fact that the debtor did not raise the bankruptcy exemption issue in the state court, thus allegedly barring her from raising that issue here based on the doctrines of issue preclusion and claim preclusion.

The debtor contends that the funds retain their status as exempt tax payments because they can be traced to their source. She also argues that issue preclusion does not apply because the exemption issue was not litigated in the divorce and that claim preclusion does not apply based on a lack of privity.

### B. The Exemption Claim

The chapter 7 bankruptcy estate includes all legal and equitable interests of the debtor in property as of the commencement of the case, subject to certain exceptions which are not relevant here. 11 U.S.C. § 541(a)(1). The estate also includes any interest in property that a debtor becomes entitled to acquire within 180 days of the petition as a result of a divorce decree. 11 U.S.C. § 541(a)(5)(B). The parties agree that the funds at issue are property of the bankruptcy estate, differing only on whether they can be exempted from it.

The Bankruptcy Code entitles debtors to exempt certain property from the bankruptcy estate; a state may either allow the use of the federal bankruptcy exemption scheme or adopt its own exemptions. 11 U.S.C. § 522. Because Ohio has opted out of the federal scheme, the

---

[5] *See* docket 69, 70, 71, 74.

exemption in this case is determined by Ohio law. OHIO REV. CODE § 2329.662. The Ohio exemption provisions are liberally construed in favor of debtors. *Daugherty v. Cen. Trust Co. of Northeastern Ohio, N.A.*, 504 N.E.2d 1100, 1105 (Ohio 1986); *see also Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147-48 (B.A.P. 6th Cir. 2006). The trustee has the burden of proving that the debtor is not entitled to the exemption. FED. R. BANKR. P. 4003(c).

The debtor claims the funds as exempt under Ohio Revised Code § 2329.66(A)(9)(g), which allows a debtor to exempt an interest in payments under Internal Revenue Code § 24 or § 32.[6] The trustee does not dispute that the tax refunds initially fell within this exemption. He argues instead that the court awarded the debtor marital property, rather than an interest in the tax payments.[7] In support, he points to the judgment reference to "marital property."

The domestic relations court statement must be read in context. The state court was dividing assets into three groups: marital property, the wife's separate property, and the husband's separate property. The court was not making any determination about the exemption issue. *See* OHIO REV. CODE § 3105.171(B) ("In divorce proceedings, the court shall . . . determine what constitutes marital property and what constitutes separate property. . ."). After classifying the asset as marital property, the court had the authority to divide that property between the wife and husband in any way it deemed equitable, including a specific award of the

---

[6] Internal Revenue Code §§ 24 and 32 establish the Child Tax Credit and the Earned Income Tax Credit, respectively. 26 U.S.C. §§ 24 and 32.

[7] The Sixth Circuit addressed the issue of what constitutes a payment with the meaning of § 2329.66(A)(9)(g) in *Zingale v. Rabin (In re Zingale)*, 693 F.3d 704 (6th Cir. 2012).

5

property. *See generally* 46 Ohio Jur. 3d, Family Law § 429 (Sept. 2013). That is what the state court did here–award each spouse part of that marital property.

The trustee argues further that the Divorce Judgment awarded the wife a sum of money rather than the actual tax refund. However, the judgment stated that the debtor was to be paid "[o]ut of the proceeds of the parties' 2010 and 2011 federal income tax refunds." The fact that the tax refunds were cashed and distributed does not preclude the exemption. Under Ohio law, statutorily exempt funds do not lose their exempt status when deposited in a personal checking account so long as the source of the funds is known or reasonably traceable. *Daugherty*, 504 N.E. 2d at 1105. That same concept applies to the § 2329.66(A)(9)(g) exemption as it applies to exempt tax refunds which have been converted to cash. *In re Wood*, 459 B.R. 263, 266-67 (Bankr. S.D. Ohio 2011).

In sum, the debtor is entitled to claim the money as exempt under § 2329.66(A)(9)(g) because the Divorce Judgment awarded a specific portion of the two exempt tax refunds to her, the tax refunds were used to pay that allocation, and there is no evidence that the funds were commingled with non-exempt funds. This is so unless preclusion doctrines bar the debtor from claiming the exemption in the bankruptcy case.

### C. Issue Preclusion and Claim Preclusion

The trustee argues that the debtor is precluded from asserting the exemption here because she did not raise it in the divorce case. Ohio's law of preclusion applies because this court must give the Divorce Judgment the same preclusive effect that it would be given under state law. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373 (1985) (interpreting 28 U.S.C. § 1738 (the full faith and credit statute) to require a federal court to give a state court judgment

6

the same preclusive effect that a court sitting in that state would give it unless Congress has created an exception). Ohio law recognizes two related concepts of preclusion under the doctrine of res judicata: claim preclusion, which is also known as res judicata or estoppel by judgment, and issue preclusion, which is also known as collateral estoppel. *See State of Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (discussing Ohio law). The trustee argues that each of these doctrines applies.

Issue preclusion "prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 637 N.E. 2d 917, 923 (Ohio 1994). The doctrine applies:

> when a fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action."

*Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 704 (6th Cir. 1999) (quoting *Thompson*, 637 N.E. 2d at 923). For issue preclusion to apply, the same issue, and not a similar issue, must have been litigated and decided. *Thompson*, 637 N.E.2d at 924.

As the debtor notes, "[t]here is no evidence that the Debtor and her ex husband 'litigated' the issue of whether the earned income tax funds were exempt in their divorce case."[8] Absent that evidence, issue preclusion does not apply.

The trustee also argues that claim preclusion applies. Claim preclusion bars a later action between the same parties or their privies based upon the same claims or causes of action that

---

[8] Debtor's brief at 6, docket 70.

7

11-16121-pmc    Doc 75    FILED 09/11/13    ENTERED 09/11/13 15:22:46    Page 7 of 10

were raised or could have been raised in the earlier action. *See In re Fordu*, 201 F.3d at 703 (discussing Ohio law). Claim preclusion has four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id.* at 703-4.

The trustee argues that the debtor could have raised the exemption issue in the divorce and provides some case authority to support that proposition. He does not, however, address the other elements of claim preclusion, including the requirement that "the parties to the subsequent suit must either be the same or in privity with the parties to the original suit." *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E. 2d 803, 806 (Ohio 2007). Although the debtor was a party to the divorce proceeding, the trustee was not. Therefore, to meet this requirement the trustee must show that he is in privity with the other party to the divorce proceeding–the Debtor's husband.[9]

The parameters of privity in this context are somewhat murky under Ohio law. *Brown v. City of Dayton*, 730 N.E.2d 958, 962 (Ohio 2000). "As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'" *Thompson*, 637 N.E.2d at 923 (quoting *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir. 1950)). "Privity was formerly found to exist only when a person succeeded to the interest of a party or had the right to control the proceedings or make a defense in the original proceeding." *O'Nesti*, 862 N.E.2d at 806.

---

[9] The debtor's supplemental brief incorrectly suggests that the issue here is whether the debtor and the trustee were in privity as to the divorce proceeding.

"An interest in the result of and active participation in the original lawsuit may also establish privity." *Id.* Additionally, "[i]ndividuals who raise identical claims and seek identical relief rather than individually tailored results may be in privity." *Id.* Claim preclusion can also extend to include mutuality of interest, therefore, "[a] mutuality of interest, including an identity of desired result, might also support a finding of privity." *Id.* (internal quotation marks and citation omitted). "Mutuality, however, exists only if the person taking advantage of the judgment would have been bound by it had the result been the opposite." *Id.*

Based on the stipulated facts, there is no privity between the debtor's ex-husband and the trustee. Although the Divorce Judgment indicates that the trustee cooperated with the domestic relations court receiver regarding the disposition of property, the trustee was not a party to the divorce, did not actively participate in or control the divorce proceeding, and did not succeed to the ex-husband's interest in the proceeding. Additionally, there is no mutuality of interest between the trustee and the ex-husband as to the divorce because the trustee acts as a representative of the creditors of the debtor's chapter 7 estate and would not be bound by the Divorce Judgment. *See In re Fordu*, 201 F.3d at 706 (holding that Ohio claim preclusion principles did not bar a trustee's actions against debtor's ex-wife for avoidance of prepetition transfers made by the debtor under a separation agreement because the trustee and the debtor were not in privity) (citing, *inter alia*, *Coleman v. Alcock*, 272 F.2d 618, 621-22 (5th Cir. 1959)) ("Because the trustee is invested with 'extraordinary rights . . . as a general representative of . . . creditors,' he is 'not bound either on res judicata or judicial collateral estoppel [grounds] by the prior state court proceedings.'"). In the absence of privity, claim preclusion does not apply.

9

## IV. CONCLUSION

For the reasons stated, the trustee's objection to the debtor's exemption claim is overruled and the debtor's motion for turnover of the funds is granted.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge

`